## BLAKELY v. PURSSELL.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BROKERS—RIGHT TO COMMISSION—OPTION MONEY.

A broker who is to receive 10 per cent. of the purchase money for making a sale is not entitled to half the amount one pays for an option, and then forfeits by not completing the purchase.

2. SAME—CONSENT TO DEDUCTION IN PRICE.

A broker who is to receive a percentage of the purchase money for making a sale, and who, after the purchaser has refused to pay more than $800 of the $1,600 agreed on as the price, tells the seller that he will be satisfied if she accepts such a sum, whereupon she accepts it in full, is entitled to a commission on $800 only.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Dora H. Blakely against Cathron Purssell. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.

L. C. Ferguson, for respondent. ·

FREEDMAN, P. J. About one year prior to February 1, 1904, the defendant employed the plaintiff to sell her household furniture and the lease of her house No. 160 West Forty-Sixth street. The arrangement, as testified to by the plaintiff, was that defendant was to pay 10 per cent. of the purchase price when the deal was consummated and the defendant got her money. The plaintiff first procured a Mrs. Washburn as a purchaser, and the sum of $150 was paid by Mrs. Washburn for an option upon the property. This sale fell through, and the plaintiff retained $75 and gave the defendant $75. It does not appear that the defendant agreed to the retention of the $75 by the plaintiff, and her receipt given the defendant recites, "Said $75 being of commissions on sale of 160 West 46 Street (lease and furniture) to said E. S. Washburn." Evidently at this time all parties expected the sale would follow. Mrs. Washburn failed to purchase, and the next customer was a Mrs. Levy, who paid the sum of $100 to plaintiff's husband, who was there in the office of the plaintiff, and who ran away with the money. This deal was also never finished. Then a Mrs. Fox was induced to enter an arrangement for the purchase of the property at an agreed price of $1,600, of which she paid the sum of $500 down, and of this sum plaintiff received $50. As to whether this purchase was ever consummated the plaintiff gave no testimony. She testified that she claimed her commission upon the sum of $1,600, irrespective of whether or not the defendant got her money, and as to that she (plaintiff) did not concern herself, and that all she knew about it was that she "presumed" the trade was made. On the other hand, Mrs. Fox testified that she discovered some mortgages upon the property she had agreed to purchase, and re-

fused to pay but $800 therefor, which was accepted by the defendant in full, instead of the $1,600 at first agreed upon. The defendant testified that, although Mrs. Fox claimed there was a mortgage on the lease, defendant disputed it; that she then consulted the plaintiff, and the plaintiff advised her to take the sum of $800, saying to defendant "that it is much better than fighting"; that she then asked the plaintiff if the acceptance by defendant of such a sum would be satisfactory to the plaintiff, and the plaintiff answered that it would. Thereupon she accepted the $800 in full for her property. This testimony was not disputed by the plaintiff. The plaintiff had judgment for the sum of $110, being the 10 per cent. upon the agreed purchase price of $1,600, less the sum of $50 paid by the defendant. From the foregoing it will be seen that such a judgment is erroneous. Even if we assume that the plaintiff is not liable for the $100 paid to her husband by one proposed purchaser, it is difficult to see upon what theory the plaintiff can retain $75 out of the sum of $150 paid to her by Mrs. Washburn for an option upon the purchase of defendant's property, which eventually was not taken up, and, inasmuch as it is undisputed that she told the defendant that a sale by her to Mrs. Fox at the sum of $800 would be "satisfactory," her claim to a commission on more than $800 should certainly not have been allowed.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.